# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | Judge Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 4156 | **DATE** | July 24, 2012 |
| **CASE TITLE** | Sachs, et al. v. Bankers Life and Casualty Company, et al. | | |

**DOCKET ENTRY TEXT:**

Defendants' motion to dismiss [21] is GRANTED in part and DENIED in part.

## STATEMENT

This is a purported class action suit for back pay of minimum wages and overtime brought by several former insurance agents previously employed by Defendant, a licensed insurance corporation. The claims are brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and Florida's Minimum Wage Act, Fla. Stat. § 448.110. The case was originally filed in the Southern District of Florida but was transferred to this court pursuant to a forum selection clause contained in the agent contracts between Plaintiffs and Defendant.

Plaintiffs allege that Defendant engaged in a number of unlawful wage and hour practices. Specifically, Plaintiffs allege that Defendant improperly categorized its insurance agents as independent contractors, when they were in fact employees, in order to avoid minimum wage and overtime pay requirements. As a result, Plaintiffs allege they are entitled to an unspecified amount of unpaid wages.

Defendants move to dismiss Counts I, III and IV of the complaint. Count I alleges violation of the FLSA for failure to pay minimum wages. Specifically, the complaint alleges "Plaintiffs and all other similarly situated insurance agents were not paid the applicable minimum wage agreed upon but instead were made to rely on commission payments only." Putting the "agreed upon" language aside, this statement is problematic. Commission based payment does not violate the FLSA so long as total compensation for the work week divided by number of hours worked does not fall below the statutory minimum wage level. *See* 29 CFR § 778.117 ("Commissions (whether based on a percentage of total sales or sales in excess of a specified amount, or on some other formula), are payments for hours worked and must be included in the regular rate."). Plaintiff has alleged no facts to suggest that this is the case. The facts alleged are entirely consistent with lawful compensation practices and, as such, "stop[] short of the line between possibility and plausibility of entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Count I is dismissed without prejudice.

# STATEMENT

Plaintiffs need not (and cannot fairly be expected to) plead detailed facts concerning the ratio of compensation received to hours worked over the course of years but they must flesh the claim out enough to put Defendant on reasonable notice of how, in Plaintiff's view, its commission-based compensation system violated the FLSA.

Count III, also for failure to pay minimum wages and brought under the Florida Minimum Wage Act, suffers from the same problem as Count I. On top of that, Plaintiffs failed to comply with Florida's pre-suit notice requirements for their minimum wage claim. While Plaintiffs did, by letter dated August 9, 2011, notify Defendant of their intent to file suit, that letter did not contain "the actual or estimated work dates and hours for which payment is sought" as required under Florida law. Fla. Stat. § 448.110(6)(a). The notice was therefore deficient. Count III is dismissed with prejudice.

Count IV, failure to pay overtime under the Florida Minimum Wage Act, stands. The Seventh Circuit has rejected the argument that FLSA "opt-in" collective action provision is inherently incompatible with state law "opt-out" collective causes of action. *Ervin v. OS Restaurant Services, Inc.*, 632 F.3d 971, 977 (7th Cir. 2011) ("There is ample evidence that a combined action is consistent with the regime Congress has established in the FLSA."). Defendant's Rules Enabling Act argument likewise fails. Defendant claims that the FLSA's opt-in provision creates a substantive right "not to be burdened by representative actions." Even if I were to accept this argument, which I do not, the fact that the class size is likely to be larger under Rule 23's opt-out provision is precisely the type of "incidental effect" that the Supreme Court has long held does not violate the Rules Enabling Act. *See Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.*, 130 S. Ct. 1431, 1443 (2010). Finally, Plaintiffs need not put forth evidence of commonality at the motion to dismiss stage–Defendant's invocation of *Wal-Mart, Inc. v. Dukes*, 131 S.Ct. 2541 (2011), is premature.

For the foregoing reasons, Count I is dismissed without prejudice, Count III is dismissed with prejudice, and Count IV stands.